**404**

C'EST BON, INC., t/a C'est Bon, Inc.,
Plaintiff,

v.

NORTH CAROLINA STATE BOARD OF ALCOHOLIC CONTROL, and the following persons in their individual capacities and as members of the State Board of Alcoholic Control: W. C. Cohoon, Chairman, Harold M. Edwards, and Lawrence C. Rose, the Mecklenburg County Board of Alcoholic Control, and the following persons in their individual capacities and as members of the Mecklenburg County Board of Alcoholic Control: Jones Y. Pharr, Chairman, Charles E. Knox, and Fred A. Cochrane, J. C. Goodman, as an individual and in his capacity as Chief of Charlotte City Police, Thomas F. Moore, Jr., as an individual and in his capacity as Solicitor of the 14-A Solicitorial District, and Donald W. Stahl, as an individual and as Sheriff of Mecklenburg County, Defendants.

No. 2826.

United States District Court,
W. D. North Carolina,
Charlotte Division.

March 13, 1971.

Michael G. Plumides and Adam Stein, Chambers, Stein, Ferguson & Lanning, Charlotte, N. C., for plaintiff.

Christine Y. Denson, Asst. Atty. Gen., Dept. of Justice, Raleigh, N. C., and Charles E. Knox, Charlotte, N. C., for defendants.

RESTRAINING ORDER

McMILLAN, District Judge.

At C'est Bon Club in Charlotte, entertainment by "topless" dancers and waitresses has been the order of the evening for two years. Four 1968 and 1969 prosecutions of various topless dancers were unsuccessful. In 1970–71, abundantly endowed entertainers yclept "Morgana" and "Zaiona" have entertained in the nude before paying drinking audiences. Law enforcement agents of the State Alcoholic Control Board and the Charlotte Police have viewed their acts many times, without any official action or objection.

On January 12, 1971, State ABC agents, asserting that plaintiff C'est Bon Club had violated the liquor laws by presenting "lewd, immoral and improper" entertainment by "Zaiona" on January 8, 1971, cited C'est Bon Club to appear and show cause why the club's beer and "brown bagging" permits should not be revoked or suspended.

After this citation was publicized, the Mecklenburg ABC Board met and on January 27, 1971, issued a statement to beer and "brown bag" licensees, which quite prudently recognized the current (and chronic) uncertainty as to the laws of obscenity, but which announced four *ad hoc* guidelines for Mecklenburg County. Under these guidelines, it was deemed unlawful to have nude perform-

ances, physical contact by customers with "topless" performers or servants or waitresses, or performances which imitate sexual activities with "any object, device or other paraphernalia".

Plaintiff sued in this court asking, among other things, for an order restraining the defendants from suspending its licenses pending determination of the constitutionality of G.S. § 14–190, the North Carolina law on "Indecent Exposure", and G.S. § 18–78.1 (the law regulating what paying adults may look at and hear while they legally drink in public). G.S. § 18–78.1 reads in *pertinent* part as follows:

> "§ 18–78.1. Prohibited acts under license for sale of malt beverages and wines for consumption on or off premises. * * * No holder of a license authorizing the sale at retail of beverages, as defined in 18–64, and article 5, for consumption on or off the premises where sold, or any servant, agent, or employee of the licensee, shall do any of the following upon the licensed premises:
>
> \* \* \* \* \* \*
>
> (4) Permit on the licensed premises \* \* \* any lewd, *immoral* or *improper* entertainment, conduct or practices. \* \* \* " (Emphasis added.)

Plaintiff alleges the obvious vagueness and overbreadth of § 18–78.1 and § 14–190. In addition, plaintiff has made a showing of personal animosity by one State ABC member against plaintiff; partiality and discrimination in the administration and intended administration of the statutes; and great and immediate and irreparable harm to plaintiff if the liquor license is suspended; and plaintiff now shows apparent intent of certain defendants to evade or bypass the possible decision of this court. Specifically, although the Court stated at a hearing on February 23, 1971, its assumption that there would be no more proceedings in the matter until the court's decision was made, the State defendants have now scheduled a hearing before the ABC Board on March 15, 1971, in Raleigh, on the matter of the revocation or suspension of the C'est Bon Club license.

This court does not approve of nor consider moral the performances reportedly given by the nude dancers with their props and paraphernalia. Nor are they particularly fascinating to bucolics who have repeatedly observed the bull with the cow, the stallion or jackass with the mare, the dog with the bitch, and the rabbits at play; and who believe human sexual experience is for quieter, more considerate and personal, and less spectacular settings.

What this court approves, however, is not the issue, nor is the question whether obscenity is to prevail in North Carolina.

What is at issue is the constitutionality—the legality—of the statutes, of the Mecklenburg ABC Board's *ad hoc* interpretation of the statutes, and of the threatened suspension of the plaintiff's liquor license.

In America, under our constitution, conduct not hurtful to others is legal even under the aegis of a night club unless a valid law prevents it. A society which respects freedom of speech and expression must insist that regulation be legal, even in sensitive areas like public sex.

█ Nor is this court persuaded that the grantee of a privilege license must surrender his constitutional protections in order to get the state-controlled license. After all, it is the state which requires the license; if a licensee surrenders constitutional freedoms by procuring a license to sell beer, one may as reasonably regulate activities and membership in private clubs because they— like C'est Bon—must have licenses to sell beer and wine.

█ Questions are presented here which must be answered by a three judge court—and which are important enough to await such answers.

Since no injunction against any state court proceeding is sought, and since the

harm threatened to plaintiff is both great and immediate as well as irreparable, equitable relief *pendente lite* is in order despite language in Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L. Ed.2d 669 and other recent Supreme Court opinions.

It is, therefore, ordered that, until further orders of this court, all defendants refrain from suspension of or steps to suspend plaintiff's beer and wine and brown bagging license privileges based in whole or in part on alleged violations of the *ad hoc* Mecklenburg guidelines, or of G.S. §§ 14–190 or 18–78.1(4) or 18–136.

No bond will be required.

A three judge court will be requested to consider the constitutionality of the statutes in question.